United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 3, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50309
Summary Calendar

_____

STEVE HAINES,

Plaintiff - Appellant,

versus

THE TEXAS WORKERS COMPENSATION COMMISSION,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas
(No. A-03-CV-170-SS)

_____

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Steve Haines sued his former employer, Texas Workers

Compensation Commission ("Texas Workers"), for retaliation in violation of Title VII of

the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and the Civil Rights Act

of 1991, 42 U.S.C. § 1981a.  Before initiating the suit, Haines filed a charge of discrimination

_____

[*] Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth
in 5th Cir. R. 47.5.4.

with the Equal Employment Opportunity Commission ("EEOC"), alleging sexual harassment and retaliation. During motion practice, the district court granted Texas Workers's motion in limine, excluding the EEOC's Letter of Determination and its investigator's notes. Following a two-day trial, the jury denied Haines relief. Haines now appeals the district court's exclusion of the EEOC documents. We find no reversible error in the district court's ruling, and affirm.

Haines argues that the EEOC documents, because of their relevant and probative nature, should have been admitted at trial. EEOC findings of fact and determinations of reasonable cause are admissible in civil proceedings. Cortes v. Maxus Exploration Co., 977 F.2d 195, 201 (5th Cir. 1991) ("This court, on several occasions, has found investigative reports and files of the EEOC to be highly probative."); McClure v. Mexia Indep. Sch. Dist., 750 F.2d 396, 400 (5th Cir. 1985).

However, trial courts have the discretion to exclude such reports if their "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403. Cases admitting EEOC documents "should not be read as leaving district courts without discretion under Rule 403 to exclude such reports if their probative value is substantially outweighed by prejudicial effect or other considerations enumerated in the rule." Cortes, 977 F.2d at 202.

The district court found that the EEOC's Letter of Determination "merely represent[ed] its conclusion regarding the sufficiency of the evidence supporting" Haines's

2

claim and would not assist the jury in reaching a verdict. As to the investigator's report, the district court determined that as the notes were "simply a summary of the likely testimony of two witnesses" that would testify in the trial, they were "unnecessary and potentially confusing to the jury."

Although the district court did not perform a comprehensive Rule 403 balancing analysis in its opinion, we cannot say that the district court abused its discretion in excluding the EEOC evidence. The task of weighing EEOC evidence's "probity versus its possibility for prejudice is best left to the trial judge." EEOC v. Manville Sales Corp., 27 F.3d 1089, 1095 (5th Cir. 1994). The EEOC's brief Letter of Determination consists merely of a few sentences stating that reasonable cause exists to support Haines's retaliation claim. The document contains no factual findings. The investigator's notes, comprised of a few paragraphs, primarily list the facts that Haines's wife, who did indeed testify, "will attest to" at trial.

An evidentiary ruling is reversed only when the district court has abused its discretion and a substantial right of a party is affected. Rock v. Huffco Gas & Oil Co., 922 F.2d 272, 277 (5th Cir. 1991). Even if Haines demonstrates that the EEOC documents were relevant to his case, he fails to show that the exclusion of this evidence affected his substantial rights. Haines argues that excluding these materials "undoubtedly had a direct impact on [his] ability to enforce his rights at trial" because of the documents' relevance to proving discriminatory intent. We disagree. The materials' minimal probative value indicates that the district court did not improperly exclude the documents and that

3

Haines's rights were not affected. See Kelly v. Boeing Petroleum Servs., 61 F.3d 350, 361 (5th Cir. 1995) (finding a party's substantial rights not affected because the excluded testimony would have no more than "very slight" influence on the jury verdict). For the foregoing reasons, the judgment in favor of Texas Workers Compensation Commission is AFFIRMED.